IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Cr. No. 05-056ML |
| | ) | |
| | ) | |
| JOSEPH A. BEVILACQUA, JR. | ) | |

GOVERNMENT'S OBJECTION TO
DEFENDANT'S MOTION FOR DOWNWARD DEPARTURE

Comes now the United States of America, by and through its attorneys, Robert Clark Corrente, United States Attorney, and Kenneth P. Madden, First Assistant U. S. Attorney, and objects to the defendant's motion for downward departure for the reasons stated in the accompanying memorandum.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

Kenneth P. Madden

KENNETH P. MADDEN
First Assistant U.S. Attorney
R.I. Bar No. 1680

CERTIFICATION

I hereby certify that on the 7th day of September, 2005, I sent by mail and facsimile a true copy of the Within Government's Objection To Defendant's Motion For Downward Departure, ordinary mail and postage prepaid, to:

Thomas A. Tarro, III, Esq.
Law Offices
300 Centerville Road
Summit East, Suite 330
Warwick, RI 02886

Paulette E. Gamache

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Cr. No. 05-056ML |
| | ) | |
| | ) | |
| JOSEPH A. BEVILACQUA, JR. | ) | |

GOVERNMENT'S MEMORANDUM IN SUPPORT OF ITS
OBJECTION TO DEFENDANT'S MOTION FOR DOWNWARD DEPARTURE

The government files this memorandum to address issues raised in the defendant's Motion For Downward Departure.

Extensive Media Coverage

The defendant argues that the extensive media coverage incident to the instant prosecution and other matters unrelated to this prosecution should serve as a basis for a downward departure. He cites to Koon v. United States, 518 U. S. 81, 116 S. Ct. 2035 (1996). He states that this media coverage has severely damaged his reputation in the eyes of the Court.

Koon does not apply. In Koon, the Supreme Court agreed that the District Court properly considered, in its downward departure analysis, the susceptibility to prison abuse that the defendants would suffer as a result of their status as police officers and widespread publicity of the case. Koon, 518 U. S. at 111-112, 116 S. Ct. at 2053. The departure was based upon potential prison abuse, not media coverage.

Bevilacqua agrees that his media attention will not make him susceptible to abuse in prison. The government is not aware of any case which holds that extensive media coverage is a ground for a downward departure under the guidelines.

The government assumes that the reputation of the defendant before this Court is damaged beyond repair. However, this damage is not the result of media coverage. Rather, responsibility lies with the defendant's own conduct.

This ground should be rejected.

Aberrant Behavior

The government addressed this matter in its earlier Response. However, the government would address two additional arguments made by the defendant.

First, the defendant argues that his conduct was spontaneous, exhibiting a lack of thought. In his direct examination at the sentencing of James Taricani, the defendant stated that in October or November 2000, Mr. Taricani came by his law office and inquired about the Plunder Dome video tapes. The defendant did not provide any recordings to Mr. Taricani at that meeting. The following day or several days later, Mr. Taricani called and asked whether the defendant had found the tapes. No tapes were provided at that time. Defendant further stated that at some point, while cleaning his office, he found the tapes in a rear closet. The defendant did not recall if he contacted Mr. Taricani or if Mr. Taricani contacted him, but Mr. Taricani did come to the office and get the recordings. (In Re Special Proceedings, Misc. 01-047, transcript 12/9/04, pp. 43-44). By the defendant's own testimony, at least several days elapsed between Mr.

Taricani's request and the disclosure of the recordings. Defendant's actions were not spontaneous.

Second, the defendant argues that he made an effort to mitigate the effects of his offenses by revealing himself as the source of the discovery materials. This claim is flatly contradicted by the record. From the date of the defendant's disclosure of the recordings to the date of his November 24, 2004 deposition, over three years had passed. As noted by the government in its previous filing, not only had numerous interviews been conducted by Mr. DeSisto, but the Court had devoted considerable time and money resources to the matters arising out of the defendant's contempt of a Court Order. The defendant did not attempt to mitigate the effects of the offenses. Even the defendant's November 24, 2004 deposition resulted from contacts to the defendant initially undertaken by Mr. DeSisto.

Loss of Bar License

The defendant argues that the loss of his license to practice law and the resulting inability to earn a living in his chosen profession are factors which the Court should consider in its downward departure analysis.

The defendant points to no case where the loss of a license to practice law was a factor justifying a downward departure from the guidelines. Other Courts have considered, and rejected, as a basis for a downward departure a defendant's loss of career or loss of license to practice their profession. See, e.g., Koon, 518 U. S. at 110-111, 116 S. Ct. at 2052 (career loss is a consequence of a conviction adequately considered by the

Sentencing Commission in formulating then U.S.S.G. § 2H1.4); United States v. Hoffer, 129 F.3d 1196, 1204 (11th Cir. 1997) (loss of medical license, voluntary or not, not a valid basis for departure in prosecution for conspiracy to illegally dispense a controlled substance and witness intimidation).

The loss of a license to practice law and the possible loss of a career should not serve as the basis for a downward departure where it was the defendant's very license to practice law which enabled the defendant to abuse the trust inherent in his position as an attorney and commit the offenses. Hoffer, 129 F.3d at 1204. An enhancement for the abuse of a position of trust is appropriate, not a downward departure because the defendant has now lost that trust. This ground should be rejected.

For the reasons stated herein and the government's earlier Response, the motion should be denied.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

Kenneth P. Madden

KENNETH P. MADDEN
First Assistant U.S. Attorney
R.I. Bar No. 1680

CERTIFICATION

I hereby certify that on the 7th day of September, 2005, I sent by mail and facsimile a true copy of the Within Government's Memorandum In Support Of Its Objection To Defendant's Motion For Downward Departure, ordinary mail and postage prepaid, to:

Thomas A. Tarro, III, Esq.
Law Offices
300 Centerville Road
Summit East, Suite 330
Warwick, RI 02886

Paulette E. Gamache